## Morrill & a. v. Foster.

The petitioner for partition is entitled to recover costs, if he recovers all which he claimed upon the trial, though a larger share was claimed in the petition, if the other party was not misled or prejudged by it.

In Partition. In the petition it was set forth that the two petitioners were each seized of one fourth part of a tract of land, and they prayed that the same might be set off to them.

The first plea denied the seizure of the petitioners, as alleged ; the second alleged the petitionee was sole seized of the whole land.

Upon the trial, the petitioners stated their claim to be for one

fourth part of the property each, being the shares of two of the children of Joseph Hemphill, deceased, who died seized of the property, leaving four children only. At the time of the descent the law gave to the eldest son a double share ; and. the shares of the petitioners, which were those of younger heirs, were each one fifth, and not a quarter.

The controversy on the trial related to the title to those shares, and not to the amount of them. Both parties claimed costs, as the prevailing party, and these facts were shown by affidavits.

*Flint & Bryant*, for the petitioners.

*H. A. & A. H. Bellows*, for the petitionees, cited *Paine* v. *Wood*, 4 Pick. 246 ; *Lund* v. *Penniman*, 19 Pick. 539 ; *Morrill* v. *Foster*, 5 Foster 339, note. .

BELL, J. The statute provides, that " if, on the trial of any issue, it shall be determined that the petitioner has a right or share in the estate described, but less than he claims, the court shall order that partition be made in the manner aforesaid, according to the actual rights of each, but the petitioner shall recover costs."

These motions raise the question whether the right or share in the estate claimed on the trial of any issue, is to be determined by the issue, as joined on the pleadings, or whether the court may ascertain otherwise what was the share or interest really claimed and contested at the trial. If a party claims a share to which he is not entitled, and the costs of a trial have been rendered necessary to determine that point, it is reasonable that the party who has occasioned this expense by his unfounded claim should pay the costs of it. But it would be a very severe rule which should provide that a party, who had recovered all he ever claimed, should be compelled to pay the costs of a protracted litigation, merely because he had inadvertently claimed in his petition a larger share than he owned, and when the case was prepared for trial incautiously omitted to amend his petition

by limiting his claim in it to his exact right. No severe censure ought in truth to attach to an inadvertence of this kind, if the other side are in no way misled or prejudiced, since it is believed there is no other instance where a party is thus punished without costs or any other penalty, because he has stated his claim larger than his proof in the end justifies. An amendment in any such case would without doubt be allowed in such a case without costs.

If the statute had been, that if a petitioner recovers a share of the estate, but less than he claims *in his petition* or pleadings, there could be no doubt upon the question.

But here the section may be read, " if it shall be determined that the petitioner has a right or share in the estate, but less than he claims on the trial of any issue," &c., and it then would be very clear that the share actually claimed on the trial might be very much less than the share formally claimed in the petition. And no reasonable objection could exist to an inquiry beyond the terms of the petition as to what was the actual claim at the trial.

Upon the case shown, we think the plaintiffs should recover their costs.